Revised November 24, 1998

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-50177

Summary Calendar
_____

CHARLES A RUBLEE,

Petitioner-Appellee,

v.

L E FLEMING,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

November 6, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:

Charles Rublee (Rublee), a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition challenging the execution of his sentence. For the reasons that follow, we affirm the decision of the district court.

## I. BACKGROUND

According to his petition, Rublee was arrested for a drug offense involving marijuana and was released on bond. After he failed to appear, a warrant for Rublee's arrest issued. Rublee

was located in Colombia, and was returned to the United States where he pled guilty to a single-count indictment charging him with a violation of 21 U.S.C. § 841(a)(1).  On January 6, 1997, the trial court sentenced him to thirty-three months of imprisonment and three years of supervised release.

While in prison, Rublee participated in and completed a 500-hour residential drug-treatment program which provisionally qualified him for early release under 18 U.S.C. § 3621(e)(2)(B).[1] During the course of his treatment, he was considered for placement in a community corrections center (CCC) (a type of half-way house where inmates receive community-based treatment), but, on July 31, 1997, Rublee was denied placement due to concern that he would be a flight risk.  The denial of the request for CCC placement disqualified Rublee from early release under Bureau of Prisons (BOP) regulations.  Rublee filed grievances with the warden, the regional director, and the BOP national administrative inmate appeals division requesting administrative review of the decision to deny him CCC placement and a § 3621(e) early release.  All of Rublee's requests for administrative relief were denied.

On November 7, 1997, Rublee filed a § 2241 petition in the district court arguing that the BOP exceeded its authority by requiring that a prisoner be eligible to participate in a

---

[1]  Rublee completed the treatment program on February 27, 1998.

2

community-based drug-treatment program to be eligible for a § 3621(e) sentence reduction, and that the BOP's requirements were arbitrary and a violation of his constitutional rights.  The magistrate judge, citing Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997), cert. denied, 118 S. Ct. 1679 (1998), concluded that the BOP's policy of refusing to grant § 3621(e) sentence reductions to inmates ineligible for community-based treatment was within the discretion afforded the BOP under § 3621.  The magistrate judge recommended dismissal of Rublee's § 2241 petition.  On February 5, 1998, the district court adopted the magistrate judge's recommendation and dismissed Rublee's § 2241 petition.  Rublee timely appealed.[2]

## II.  DISCUSSION

### A.    Promulgation of 28 C.F.R. § 550.58(a)(1)(v)

Section 3621(b) provides that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  Section 3621(e)(1) states that in order for the BOP to carry out this requirement, it "shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare)."  Id. § 3621(e)(1).

---

[2] Rublee's projected release date is November 8, 1998.

The statute defines "residential substance abuse treatment" as "a course of individual and group activities, lasting between 6 and 12 months, in residential treatment facilities set apart from the general prison population." Id. § 3621(e)(5)(A). The statute defines "aftercare" as "placement, case management and monitoring of the participant in a community-based substance abuse treatment program when the participant leaves the custody of the Bureau of Prisons." Id. § 3621(e)(5)(C). As an incentive for prisoners to participate in the drug treatment program,

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Id. § 3621(e)(2)(B).

Under BOP regulations, certain categories of inmates are not eligible for early release, including "[i]nmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion." 28 C.F.R. § 550.58(a)(1)(v). The BOP policy statement expresses the BOP's belief that a community-based program (either in a CCC or on home confinement) is necessary to achieve successful results. See 61 Fed. Reg. 25,121 (1996).

Rublee argues that the BOP exceeded its authority by requiring completion of a community-based drug program as a component of the drug treatment program necessary to be eligible

4

for early release under § 3621(e)(2)(B).  He contends that the definitions of "residential substance abuse treatment" and "aftercare" in § 3621(e)(5) are unambiguous and that the plain language of the statute indicates that a community-based drug program is not a component of the drug program described in § 3621.

This court reviews the BOP's regulations in § 550.58 under the two-step standard set forth in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998). First, if the intent of Congress is clear and unambiguously expressed in § 3621, the BOP and the court must give effect to congressional intent.  See id. (citing Chevron, 467 U.S. at 842-43).  Second, if the statutory language is ambiguous or silent on a particular issue, then we must determine whether the BOP's interpretation is "'based on a permissible construction of the statute.'"  Id. (quoting Chevron, 467 U.S. at 843).

Although this circuit has held that § 3621(e)(2)(B) gives the BOP discretion to determine which prisoners are eligible for early release and that the "BOP did not abuse its discretion in promulgating 28 C.F.R. § 550.58," id. at 1036, neither this nor any other circuit has addressed specifically whether the BOP exceeded its authority in promulgating 28 C.F.R. § 550.58(a)(1)(v), which disqualifies prisoners not eligible for community-based treatment from receiving early release under

5

§ 3621(e)(2)(B).  Because the language of the statute does not unambiguously prohibit the BOP's community-based treatment requirement, the requirement need only be a permissible interpretation of the statute to survive <u>Chevron</u> scrutiny.  This court will defer to legislative regulations so long as they are not "'arbitrary, capricious, or manifestly contrary to the statute.'"  <u>Wottlin</u>, 136 F.3d at 1035 (citing <u>Chevron</u>, 467 U.S. at 844).

In <u>Venegas v. Henman</u>, this court focused on the language "may be reduced" in § 3621(e)(2)(B), and found that it affords the BOP discretion to determine which offenses constitute "nonviolent offenses" eligible for early release.  <u>See</u> 126 F.3d at 763.  We held that the BOP's decision to exclude felon-in-possession of a weapon convictions and drug convictions enhanced for possession of a firearm was "consistent with the letter and spirit of the Bureau's authority as derived from section 3621(e)."  <u>Id.</u> at 765.

In <u>Wottlin v. Fleming</u>, this court reviewed the disqualification from § 3621(e)(2)(B) early release of "'inmates who have a prior felony conviction for homicide, forcible rape, robbery, or aggravated assault.'"  136 F.3d at 1035 (quoting 28 C.F.R. § 550.58).  We agreed with the Ninth Circuit that the language of § 3621(e)(2)(B), which provides that a prisoner's sentence "may be reduced" after the successful completion of a drug-treatment program, affords the BOP broad discretion in

6

deciding which inmates qualify for early release, and agreed with the Ninth and Third Circuits that § 550.58 was not an abuse of the BOP's discretion.  See id. at 1035-36 (citing Stiver v. Meko, 130 F.3d 574, 577 (3d Cir. 1997); Jacks v. Crabtree, 114 F.3d 983, 984 (9th Cir. 1997), cert. denied, 118 S. Ct. 1196 (1998)).

The Venegas and Wottlin cases stand for the proposition that the language of § 3621(e)(2)(B) affords the BOP discretion in deciding whether to allow early release upon completion of the drug-treatment program described in the statute.  Rublee argues that the plain language of the statute precludes the BOP from requiring community-based treatment because the statutory definition of "residential substance abuse treatment" is defined explicitly as "a course of individual and group activities, lasting between 6 and 12 months, in residential treatment facilities set apart from the general prison population," and does not include any reference to community-based treatment.  18 U.S.C. § 3621(e)(5)(A).  However, it is the responsibility of the BOP to determine whether an inmate has successfully completed a drug-treatment program:  "The legislative history of section 3621(e) states that the determination of successful completion of a substance abuse treatment program[] is to be 'based on criteria *established and applied by the Bureau of Prisons*.'"  Venegas, 126 F.3d at 762 (quoting H.R. Rep. No. 103-320 (1993)).  The BOP, "in exercising its discretion in determining the successful

7

completion of a residential drug abuse treatment program under 18 U.S.C. 3621(e), . . . therefore requir[ed] that consideration for early release be contingent upon the inmate's completion of transitional services in a community-based program."  61 Fed. Reg. 25,121 (1996).

Even if Rublee is correct that the BOP has improperly expanded the definition of "residential substance abuse treatment" by requiring community-based treatment, he still is not entitled to the relief he seeks because § 3621(e)(2)(B) affords the BOP broad discretion to deny sentence reductions to even those inmates who have "successfully complet[ed] a treatment program."  18 U.S.C. § 3621(e)(2)(B); see Wottlin, 136 F.3d at 1035-36; Venegas, 126 F.3d at 763-65.  Under § 3621(e)(2)(B), the BOP "may," but implicitly need not, reduce the sentences of such inmates.[3]  Therefore, it has the authority to make § 3621(e)(2)(B) early release contingent upon the fulfillment of the community-based treatment requirement.

Rublee next argues that the BOP's requirement that an inmate complete community-based treatment *prior* to early release subverts the definition of "aftercare," which requires community-

---

[3]  Rublee contends that "[s]ection 3621(e)(2) plainly and unambiguously authorizes sentence reduction for prisoners convicted of a nonviolent offense who successfully complete a 6 to 12 month residential substance abuse treatment program while in prison."  Rublee is correct that the BOP is *authorized* to allow sentence reductions for such prisoners.  However, it is not *required* to do so.

based treatment *after* "the participant leaves the custody of the Bureau of Prisons." 18 U.S.C. § 3621(e)(5)(C). The definition of "aftercare" set forth in § 3621(e)(5)(C) and the requirement that the BOP "make arrangements for appropriate aftercare," id. § 3621(e)(1), do not preclude the BOP from exercising its discretion under § 3621(e)(2)(B) to require pre-release community-based treatment before awarding a sentence reduction. The provisions are not mutually exclusive.

Finally, Rublee argues that the BOP's community-based treatment requirement is impermissible because it conflicts with the BOP's earlier interpretation of the statute that did not require community-based treatment. See 61 Fed. Reg. 25,121 (1996). The court does not find this argument compelling. The BOP added the community-based treatment requirement after receiving public comment, including a comment from the American Psychiatric Association (APA) that expressed the belief that the BOP's requirement of one hour per month of transitional services would be insufficient to facilitate good results. See id. Therefore, the BOP did not abuse its discretion in adding the community-based treatment requirement to its regulations.

The exclusion of prisoners who cannot complete community-based treatment from § 3621 early release is not arbitrary or capricious and does not conflict with the purposes underlying the

9

statute.  Therefore, we hold that 28 C.F.R. § 550.58(a)(1)(v) is a permissible exercise of the BOP's discretion under § 3621(e).[4]

**B. Constitutional Claims**

Rublee argues that the application of § 550.58 to him violates his rights to due process and equal protection. Liberally construed, Rublee's due process argument is that he had a protected liberty interest in a sentence reduction once he completed the residential drug-treatment program.  He further argues that the BOP's community-based treatment requirement violates equal protection because completion of a drug program in a half-way house is not rationally related to the successful completion of the drug program described in § 3621 and because it discriminates against prisoners not eligible for CCC placement.

Rublee's argument that he had a protected liberty interest in receiving the sentence reduction lacks merit.  A protected liberty interest exists only when a regulation uses "'mandatory language to place a substantive limit on official discretion.'" Wottlin, 136 F.3d at 1036 (quoting United States v. Tubwell, 37 F.3d 175, 179 (5th Cir. 1994)).  There is no mandatory language requiring that inmates be released upon completion of the drug-

---

[4]  Rublee also argues that the limitation of § 3621(e) early release to those inmates who complete community-based treatment produces absurd and unconstitutional results because inmates can be denied CCC placement for numerous reasons that bear no relation to their ability to complete the drug-treatment program defined in the statute.  This argument will be addressed infra in the analysis of Rublee's constitutional claims.

10

treatment program, and thus Rublee had no protected liberty interest in receiving a § 3621(e)(2)(B) sentence reduction. See id.

With respect to Rublee's equal protection argument, "[s]trict scrutiny is appropriate only where a government classification implicates a suspect class or a fundamental right." Id. (citing City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432 (1985)). Otherwise, rational-basis review applies and this court need only determine whether the classification is rationally related to a legitimate government interest. See id. at 1037.

The BOP's classification implicates neither a fundamental right nor a suspect class. In Wottlin, we refused to recognize a fundamental right to early release "'among the rights and liberties protected by the Constitution.'" Id. at 1036-37 (quoting San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973)).[5] Nor does the classification of prisoners by their eligibility for CCC placement implicate a suspect class.

Thus, rational-basis review is appropriate. The exclusion from early release of those inmates ineligible for community-based treatment survives rational-basis review. In promulgating

---

[5]  In Wottlin, we also held that classification of prisoners based on the type of offense for which they were convicted did not implicate a suspect class, and that the classification was rationally related to Congress's intent to afford early release only to prisoners convicted of nonviolent offenses. See Wottlin, 136 F.3d at 1036-37.

11

the regulation, the BOP took account of the APA's concern about the efficacy of transitional drug-treatment services in an institutional context. See 61 Fed. Reg. 25,121 (1996). The BOP agreed with the APA that enhanced transitional services were necessary for the successful completion of the drug program, and decided to require community-based treatment to increase the opportunity for positive results. See id. This requirement is rationally related to the legitimate government interest of reducing recidivism, which is a stated purpose underlying § 3621(e). See Venegas, 126 F.3d at 763 (citing H.R. Rep. No. 103-320 (1993)). Accordingly, there is a rational basis for the categorization contained in § 550.58(a)(1)(v) and Rublee's constitutional challenges fail.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court. Rublee's motion to expedite the appeal is denied as moot.