IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 00-11185
Summary Calendar

———————————————

ELOY CARRANZA,

Petitioner-Appellant,

versus

ANTHONY MEDELLIN, Etc; ET AL.,

Respondents,

ANTHONY MEDELLIN, Warden, BSCC Airpark Unit,

Respondent-Appellee.
--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-102
--------------------
April 4, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eloy Carranza, federal prisoner # 06541-051, appeals the denial of his 28 U.S.C. § 2241 federal habeas petition, arguing that the district court abused its discretion in dismissing his petition for failure to exhaust his administrative remedies and that the district court erred in dismissing his claim without considering his due process, equal protection, and ex post facto claims. Because Carranza did not follow the proper procedures for requesting administrative relief, he has not shown that the district court abused its discretion in dismissing his petition

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to exhaust his administrative remedies. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). However, because the district court dismissed the action for the reasons stated in the respondent's motion to dismiss, which addressed both failure to exhaust and the merits of Carranza's claims, we will address the merits of Carranza's claims.

The Bureau of Prisons (BOP) did not violate Carranza's due process or equal protection rights in denying him a 12-month sentence reduction after his completion of a residential drug treatment program because 18 U.S.C. § 3621(e)(2)(B) contains discretionary language; the BOP's regulation expressly provides that inmates subject to Immigration and Naturalization Service (INS) detainers are ineligible for such a sentence reduction; and the BOP's exclusion of INS detainees from the community-based portion of the program is rationally related to the legitimate governmental interest of preventing INS detainees from fleeing. See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998). The BOP did not violate Carranza's rights under the Ex Post Facto Clause by placing the INS detainer against him after he had completed the drug program because the INS detainer is not a law which retroactively placed him at risk of increased punishment for his conspiracy offense, and the BOP's determination that he was not eligible for the community-based portion of the drug program did not make his sentence more onerous than it was under the law in effect at the time he committed the conspiracy offense. See Warren v. Miles, 230 F.3d 688, 692-93 (5th Cir. 2000). The district court did not err in dismissing his petition

without conducting an evidentiary hearing because the record was sufficient to resolve Carranza's claims.  See Lawrence v. Lensing, 42 F.3d 255, 259 (5th Cir. 1994).

AFFIRMED.