IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40318
Summary Calendar
_____

VICTOR BAZUAYE,

Petitioner-Appellant,

versus

JOHN M. TOMBONE, Warden, Federal Correctional Institution,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-833
--------------------
October 5, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

Victor Bazuaye, federal prisoner no. 95612-012, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition. Bazuaye argues that the respondent violated his constitutional due process and equal protection rights by barring him from community-based drug treatment and early release under 18 U.S.C. § 3621 based on his status as a detainee of the Immigration and Naturalization Service (INS). Some nonviolent offenders may be eligible for a one-year sentence reduction if they complete a drug-abuse treatment program. 18 U.S.C. § 3621(e)(2)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, INS detainees are not eligible for the sentence reduction. 28 C.F.R. § 550.58(a)(1)(i). In addition, prisoners with a "deportable alien" public safety factor are not eligible for the community-based portion of the drug-abuse treatment program that is a prerequisite for early release. *See* 28 C.F.R. §§ 550.58(a)(1)(v) and (a)(3)(i); *see also* Bureau of Prisons Program Statement 7310.04.

Bazuaye has waived consideration of the issue of the his lack of eligibility under 28 C.F.R. § 550.58 by failing to argue the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are abandoned); *see also American States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998) (failure to provide legal or factual analysis of issue results in waiver).

Bazuaye's due process claim fails because 18 U.S.C. § 3621 creates no constitutionally protected liberty interest in early release for completion of drug-abuse treatment. *Rublee v. Fleming*, 160 F.3d 213, 214 (5th Cir. 1998); *see also Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (early release not a "fundamental right").

Bazuaye's equal protection claim fails because he does not show that he is being treated differently from similarly situated persons or that the restrictions on community-based treatment or early release are irrational. *See Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991) (equal protection claim fails absent comparison to similarly situated others); *Rublee*, 160 F.3d at 214, 217 (flight risk is rational basis for ineligibility for

community-based programs); *Wottlin v. Fleming*, 136 F.3d at 1037

("rational basis" review of early-release claim).

The judgment of the district court is AFFIRMED.