IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 01-40610
Conference Calendar

—————————————

DANIEL CARVAJAL,

Petitioner-Appellant,

versus

JOHN TOMBONE, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-270
--------------------
December 12, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel Carvajal, federal prisoner # 59101-004, appeals the district court's decision in which the court construed his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion and dismissed it for lack of jurisdiction. He argues that because he is challenging the manner in which the Bureau of Prisons (BOP) is executing his sentence, the district court erred in construing his petition as a 28 U.S.C. § 2255 motion. Because Carvajal is challenging his exclusion from various community-based and drug-treatment programs due to his status as an Immigration and

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Naturalization Service (INS) detainee, he is challenging the manner in which his sentence is being executed. Section 2241 is correctly used to attack the manner in which a sentence is executed. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). The district court erred in construing Carvajal's petition as a 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction as the 28 U.S.C. § 2241 petition was properly filed in the district court for the Eastern District of Texas in which Carvajal is incarcerated. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999).

Carvajal argues in particular that the BOP violated his equal protection rights in determining that he is not eligible for various community-based and drug treatment programs because he is an INS detainee. The BOP's classification of prisoners based on whether they are INS detainees or citizens of the United States is not a suspect classification, and therefore, the rational basis standard of review is applicable. See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998). The BOP's determination that INS detainees are ineligible to participate in such programs is rationally related to the legitimate governmental interest of preventing such INS detainees from fleeing during the community-based portion of the above programs. See id. at 214, 217. Therefore, the district court's judgment is affirmed on the alternative ground that Carvajal has not shown that the BOP violated his equal protection rights in determining that he was ineligible to participate in various community-based

programs.  See Rublee, 160 F.3d at 214, 217; United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

AFFIRMED.