United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11330
Summary Calendar
_____

ALANDA JABAR CLAYTON,

                                        Petitioner-Appellant,

versus

L. E. FLEMING, Warden, Federal Medical Center-Fort Worth,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1241-A
--------------------

Before EMILIO M. GARZA, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

    Alanda Jabar Clayton, federal prisoner # 13570-064, appeals
the district court's denial of his 28 U.S.C. § 2241 petition
alleging that his constitutional rights were violated when the
Bureau of Prisons ("BOP") denied him a one-year sentence
reduction, pursuant to 18 U.S.C. § 3621(e), after initially
informing him that he was eligible for such a reduction.

    Clayton argues that the Supreme Court decision in Lopez v.
Davis, 531 U.S. 230 (2001), was impermissibly applied

------

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactively to deprive him of eligibility for a one-year reduction in his sentence. Contrary to Clayton's belief, <u>Lopez</u> did not create a new law that denied him eligibility for early release under 18 U.S.C. § 3621(e). Because <u>Lopez</u> merely declared permissible a regulation that had gone into effect prior to Clayton's conviction, there is no retroactivity issue here.

Clayton argues that when his sentence was recalculated he acquired a liberty interest in early release and that the subsequent change in his eligibility status for early release violated his due process rights. His claims fail because there is no protected liberty interest in early release under 18 U.S.C. § 3621(e). <u>See</u> <u>Rublee v. Fleming</u>, 160 F.3d 213, 216 (5th Cir. 1998); <u>Venegas v. Henman</u>, 126 F.3d 760, 765 (5th Cir. 1997). Accordingly, the district court did not err in denying Clayton's petition, and its judgment is AFFIRMED.