United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11125
Summary Calendar

_____

MYRIAM ROCIO MONTOYA DUQUE,

                                        Petitioner-Appellant,

versus

VIRGINIA VAN BUREN, Warden, Federal Medical Center Carswell,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:04-CV-222-Y)
---------------------

Before  WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Myriam Rocio Montoya Duque, federal prisoner # 60224-079, was convicted of conspiracy with intent to distribute cocaine and was sentenced to 168 months of imprisonment. She appeals the district court's denial of her 28 U.S.C. § 2241 petition challenging the determination that she is not eligible for early release under 18 U.S.C. § 3621(e).  Duque contends that prison officials were required to notify her immediately of any change in her eligibility for early release.  She argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison officials were not authorized to revoke her eligibility for early release based on a disciplinary violation that occurred three years before. Duque concedes that the Bureau of Prison's Program Statement 3550.10, which requires, inter alia, compliance with the disciplinary rules governing the possession and use of alcohol and drugs, is reasonable. She asserts, however, that the statement in this provision that "[a]n inmate shall lose his or her provisional early release date immediately if the DHO/UDC finds the inmate, pursuant to an incident report, to have: *Used or possessed alcohol or drugs . . ." imposes a temporal requirement that limits the Bureau of Prison's authority to change an inmate's eligibility status. She contends that the failure to comply with this requirement is a due process violation.

Duque also asserts in her reply brief that she is innocent of the disciplinary violation that is the basis for the denial of her eligibility for early release. Duque has abandoned her challenge to the disciplinary charge, however, as she did not raise this issue in her initial brief. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Duque has not shown that any delay in the change in her eligibility status under 18 U.S.C. § 3621(e) is a violation of federal or constitutional law entitling her to remain eligible for early release. See Rublee v. Fleming, 160 F.3d 213, 216-17 (5th Cir. 1998). Accordingly, the judgment of the district court is AFFIRMED.