United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10739
Conference Calendar

_____

HERIBERTO OSUNA-MOLINA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-26
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Heriberto Osuna-Molina, federal prisoner # 02722-051,
appeals from the denial of his 28 U.S.C. § 2241 petition, in
which he sought admission to the residential drug abuse program
(RDAP) at FCI, Big Spring. Osuna-Molina argues that he was
deprived of due process when he was denied entry into the RDAP at
Big Spring pursuant to Program Statement 5331.01. He contends
that it was unfair for officials to deny him treatment and
placement into the RDAP and that officials at Big Spring should
be required to accept the recommendation of the Bureau of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prisons's (BOP) drug specialist in Fort Worth that he be admitted into the RDAP. According to Osuna-Molina, he merely sought treatment, not early release from prison. He further contends that the district court erred by not allowing him to amend his pleadings before dismissing the case.

The determination that Osuna-Molina was ineligible for the RDAP was within the BOP's discretion. See Rublee v. Fleming, 160 F.3d 213, 215 (5th Cir. 1998). Osuna-Molina has not demonstrated a protected constitutional interest in admission to the RDAP. See id. at 217. Finally, Osuna-Molina pleaded his best case; the district court need not have allowed him to amend his § 2241 petition. See Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

AFFIRMED.