United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10928
Summary Calendar

DAVID CASTILLO

Petitioner-Appellant,

versus

DAVID G. JUSTICE, Warden, Big Springs Federal Prison Camp

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CV-138
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

David Castillo, federal inmate # 24869-077, appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition in which he challenged the respondent's refusal to readmit him into the Bureau of Prisons (BOP) drug abuse program (DAP) that could result in a reduction of his sentence. Prisoners convicted of "nonviolent" offenses who complete a 500-hour DAP may apply for sentence reductions of up to one year at the discretion of the BOP director. 18 U.S.C. § 3621(e); Warren v. Miles, 230 F.3d 688, 690 (5th Cir. 2000). The BOP enjoys "broad discretion to deny sentence

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reductions" even to inmates who successfully complete the DAP. Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998); § 3621(e)(2)(B). Castillo was nonetheless entitled to judicial review of whether the BOP's regulations or application thereof were arbitrary and capricious or otherwise an abuse of discretion. See id. at 215-16; see also Lopez v. Davis, 531 U.S. 230, 240 (2001); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

The district court correctly noted that certain BOP criteria for denying DAP eligibility and early release are not arbitrary and capricious. However, the district court made an error of law by stating that early release is not available to "inmates whose current offense is a felony." Ineligible felons are those whose felonies involved physical force, firearms or other dangerous weapons, sexual abuse of children, or other factors set forth in 28 C.F.R. § 550.58(a)(vi).

Moreover, the scant record before the district court provided no basis for the court to conclude that Castillo was ineligible for the DAP. Castillo's complaint did not specifically allege the reasons for the BOP's denial, nor did he submit copies of the BOP's decisions. The respondent did not answer the petition or offer any summary judgment evidence. There was no evidence of record indicating the BOP's grounds for excluding Castillo.

The district court's holding that there was "no support" for Castillo's allegation that he was eligible for readmission required too much from Castillo's petition. The petition satisfied federal

pleading rules.  <u>See</u> 28 U.S.C. § 2242; Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2). Castillo was not given the opportunity to amend his complaint in accord with <u>Jacquez v. Procunier</u>, 801 F.2d 789, 792 (5th Cir. 1986).

The judgment of the district court is vacated, and the case remanded for further proceedings consistent with this opinion.

VACATED AND REMANDED.