IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-51028
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONNA MICHELL FORBES,
Also Known as Donna M. Forbes, Also Known as Donna Michelle Forbes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
No. 6:06-CR-145-ALL

_____

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Donna Forbes appeals the mandatory life sentence imposed following her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty plea to a single court of first-degree murder on a government reservation. She raises constitutional challenges to her sentence. Although we usually review such constitutional claims de novo, United States v. Romero-Cruz, 201 F.3d 374, 377 (5th Cir. 2000), we review them for plain error in this instance because Forbes did not raise them in the district court, see United States v. Howard, 220 F.3d 645, 647 (5th Cir. 2000).

Forbes asserts that her confinement to a mandatory life sentence is "cruel and unusual punishment" in violation of the Eighth Amendment, because the harshness of the sentence is grossly disproportionate to the gravity of her offense. In determining whether a sentence is "grossly disproportionate," we look to Rummel v. Estelle, 445 U.S. 263 (1980), as a benchmark. United States v. Gonzales, 121 F.3d 928, 943 (5th Cir. 1997). Measured against the Rummel standard, Forbes's mandatory life sentence for first-degree murder is not grossly disproportionate. See Smallwood v. Johnson, 73 F.3d 1343, 1347 (5th Cir. 1996). Moreover, Forbes's inability to present mitigating evidence does not render her sentence cruel and unusual. See United States v. Harmelin, 501 U.S. 957, 994-96 (1991).

Forbes argues that her mandatory life sentence violates the Equal Protection Clause because it causes her to be treated differently from defendants not facing a mandatory life sentence and fails to serve a legitimate governmental objective. The rational basis test applies to Forbes's claim, because the statute under which she was sentenced, 18 U.S.C. § 1111(b), neither classifies persons by suspect classes nor classifies in such a way as to impair the exercise of a fundamental right. See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998). Forbes has failed to show that she has been treated differently from a similarly situated group of defendants or that Congress's prescription of a mandatory life sentence for first-degree murder is not rationally related to a legitimate governmental interest. See id.

Forbes avers that her mandatory life sentence contravenes the Due Pro-

cess Clause because she was precluded from receiving an individualized sentence that adequately considered her particular circumstances. The Constitution does not guarantee individualized sentencing or provide for the presentation of mitigating evidence in noncapital cases. See Harmelin, 501 U.S. at 995. Thus, there is no constitutional impediment to the district court's imposing a mandatory sentence without considering Forbes's particular circumstances. See, e.g., United States v. White, 869 F.2d 822, 825 (5th Cir. 1989).

Forbes urges that her mandatory life sentence violates the Separation of Powers doctrine because the prosecutor has the sole power to charge an offense that carries a mandatory minimum sentence. Forbes thus asserts that the power of the Executive Branch is increased at the expense of the Judiciary. "The scope of judicial discretion with respect to sentencing is subject to Congressional control," and Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences. Mistretta v. United States, 488 U.S. 361, 364 (1989). Thus, to the extent that the decision to charge crimes carrying mandatory minimum sentences allows the Executive Branch to exercise some control over a sentence, that control derives from legislative decisions that are within Congress's authority. Id.; Chapman v. United States, 500 U.S. 453, 467 (1991).

The judgment is AFFIRMED. The government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file its brief is DENIED as unnecessary.