**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2009

Charles R. Fulbruge III
Clerk

No. 09-10024
Summary Calendar

ANNABEL O. TORRES,

Petitioner–Appellant,

v.

W. ELAINE CHAPMAN, Warden, Federal Medical Center Carswell; FEDERAL
BUREAU OF PRISONS,

Respondents–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-00587-A

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

The petitioner Annabel O. Torres appeals, *pro se*, the dismissal of her

petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Torres

was convicted for the offense of being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g)(1), and is serving a seventy-month prison sentence

to be followed by three years of supervised release. She applied for the Bureau

of Prisons (BOP) Residential Drug Abuse Program (RDAP). Upon completion of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

the program, an inmate convicted of a nonviolent felony may obtain a sentence reduction not exceeding one year, subject to the BOP's discretionary authority under 18 U.S.C. § 3621(e)(2)(B). BOP maintains a policy, codified at 28 C.F.R. § 550.55(b)(5)(ii), which categorically excludes from early-release any inmates with a felony conviction for "[a]n offense that involved the carrying, possession, or use of a firearm."[1] Torres instituted proceedings under 28 U.S.C. § 2241, alleging that this exclusion would wrongfully deny her the opportunity to participate in RDAP, and consequently, the opportunity for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). The district court dismissed the petition in its entirety for lack of ripeness and standing because Torres had not yet been denied admission to the program, and alternatively, because she failed to exhaust her administrative remedies.

Torres challenges the district court's dismissal of her petition. She argues that BOP's categorical exclusion policy, which denies her the possibility of a sentence reduction under § 3621(e)(2)(B), is unenforceable because it violates the Administrative Procedures Act. She also contends that she is entitled to the same relief granted to prisoners who were parties to *Arrington v. Daniels*, a Ninth Circuit case finding the categorical exclusion to be arbitrary and capricious. 516 F.3d 1106 (9th Cir. 2008). According to Torres, a denial of similar relief would constitute "disparate treatment of similarly situated inmates at similar Bureau of Prisons' [sic] institutions, particularly located within the Ninth Circuit," in violation of the Equal Protection Clause and the Due Process Clause of the Fifth Amendment. Although we agree with Torres that the case is ripe and she has standing to bring her petition under 28 U.S.C. § 2241, *Handley v. Chapman* mandates that we vacate the district court's judgment and rule for the defendants on the merits. 587 F.3d 273 (5th Cir. 2009).

---

[1]The prior version of this regulation was codified at 28 C.F.R. §550.58(a)(1)(vi)(B), and categorically excluded from early-release eligibility those inmates whose "current offense is a felony" that "involved the carrying, possession, or use of a firearm."

We first address Torres's standing and ripeness arguments. We review "the district court's legal determinations and application of AEDPA *de novo*" and review factual findings "for clear error." *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008). The district court concluded that the case was not ripe for review because BOP had made no determination on whether Torres was eligible to participate in the RDAP. The case is nevertheless ripe because Torres "brings a facial challenge to BOP's policy of categorically denying early release eligibility to inmates convicted as felons in possession of a firearm." *Handley*, 587 F.3d at 280. Torres's failure to exhaust administrative remedies likewise presents no bar to our resolution of this petition. Torres's ability to participate in the RDAP is relevant to our determination only so far as it implicates her ability to obtain a sentence reduction pursuant to 18 U.S.C. §3621(e), as the "sole function" of habeas is to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. Fla. 1976); *see Fay v. Noia*, 372 U.S. 391, 430-31 (1963). BOP's policy, which Torres challenges on its face, would ultimately preclude her from obtaining a sentence reduction regardless of whether she is admitted to the program. As no other standing issues remain, we proceed to address the facial challenge on the merits.

Torres contends that BOP's categorical exclusion policy is unenforceable because it is "arbitrary and capricious" under §706(2)(A) of the Administrative Procedure Act. Torres specifically challenges 28 C.F.R. § 550.58(a)(1)(vi)(B), the version of the categorical exclusion in operation at the time of the district court decision. This challenge is without merit. In *Handley*, we held that this version of the regulation was neither arbitrary nor capricious because BOP articulated "public safety" as a rationale for the BOP's policy, and we expressly rejected the Ninth Circuit's contrary conclusion in *Arrington*. *Handley*, 587 F.3d at 276. Torres's argument also fails on an alternative ground. The new version of the categorical exclusion, codified at 28 C.F.R. § 550.55, applies to Torres "because

its application would not have an impermissible retroactive effect." *Id.* at 277. This version provides "a much more detailed rationale for the categorical exclusion" than the prior codification, and is likewise valid under the APA. *Id.* at 279.

Torres's equal protection and due process arguments are both without merit. Torres contends that she has been denied equal protection under the law because "she was not given the same relief as petitioners in *Arrington*." In absence of the showing of a fundamental right or membership in a suspect class, we employ only "rational-basis" review to Torres's claim. *Id.* at 280. Our precedent establishes that the relief obtained by the petitioners in *Arrington* — the opportunity to obtain a reduced sentence — is not a "fundamental right." *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998). Our court has also recognized that *Arrington* does not create a "basis for equal protection relief for prisoners outside the Ninth Circuit" because such prisoners do not constitute a "suspect class." *Handley*, 587 F.3d at 280 & n.5. Rational-basis review is therefore the appropriate standard, and Torres may prevail only by negating "any reasonably conceivable state of facts that could provide a rational basis for the classification" made by the BOP's categorical exclusion policy. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 367 (2001) (citation and internal quotation marks omitted). She has not carried this burden, and is not entitled to relief.

Torres's due process claim also fails. In the prison context, the Due Process Clause operates only where a prison action has "implicated or infringed" upon a prisoner's "liberty interest." *Meachum v. Fano*, 427 U.S. 215, 223 (1976). With regard to Torres's argument that she has a "'liberty' interest in a sentence reduction," our court has explicitly held that "'[t]he Due Process Clause does not itself confer a liberty interest in a sentence reduction for completion of an RDAP.'" *Handley*, 587 F.3d at 281 (quoting *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007); *Rublee*, 160 F.3d at 217 (finding that an inmate has "no

4

protected liberty interest in receiving a §3621(e)(2)(B) sentence reduction."). Therefore, we reject Torres's claim.

The district court's dismissal of the petition for lack of standing is hereby VACATED, and judgment is RENDERED for the respondents.