NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0144n.06

**No. 09-1864**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Mar 11, 2011
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| RENNEL PITTS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| C. ZYCH, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: BATCHELDER, Chief Judge; CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Rennel Pitts, an inmate at the Federal Correctional Institution in Milan, Michigan, challenges the district court's judgment denying habeas relief. Because his challenge is not yet ripe, we vacate the judgment and remand the case with instructions to dismiss it for want of jurisdiction.

I.

When Congress enacted the Crime Control Act of 1990, Pub. L. No. 101-647, 104 Stat. 4789, it provided that the Bureau of Prisons "shall to the extent practicable, make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." *Id.* § 2903 (codified as amended at 18 U.S.C. § 3621). Four years later, Congress added an incentive for prisoners to use the treatment programs: It permitted the

Bureau to reduce by up to one year the sentences of nonviolent offenders who complete a substance abuse program. Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 32001, 108 Stat. 1796, 1896–97 (codified at 18 U.S.C. § 3621(e)(2)(B)). Not all inmates are eligible for early release under the program, as the regulations exclude those with "a prior felony or misdemeanor conviction for" homicide, forcible rape, robbery, aggravated assault, arson, kidnaping or child sexual abuse. 28 C.F.R. § 550.55(b).

A program statement explains how the Bureau determines early-release eligibility. When an inmate asks to participate in a drug abuse program, a program coordinator conducts an "initial review" to screen for several disqualifying characteristics, none of which bear on Pitts' case. *See* Program Statement P5331.02 at 5 (Early Release Procedures Under 18 U.S.C. § 3621(e)), *available at* http://www.bop.gov/policy/progstat/5331_002.pdf. If the inmate clears this hurdle, the program coordinator sends the case to the Designation and Sentence Computation Center, which conducts an "offense review." *Id.* at 5–6. The Center's legal staff "ordinarily ha[s] 30 working days to determine" whether the inmate's current offense and prior convictions make him ineligible for early release. *Id.* at 6. The staff then tells the program coordinator, who tells the inmate, whether he is eligible for early release. *Id.*

Pitts is serving a 46-month sentence for conspiring to distribute cocaine. He entered the prison's drug abuse program with the hope that it would make him eligible for early release. Fearing that a "27 year old conviction" will prevent him from receiving this benefit, R.1 at 7–8, Pitts filed a § 2241 petition, complaining that the Bureau's regulation is "arbitrary, capricious and contrary to

law" because (1) "the BOP failed to articulate a rational connection between the facts found and the choices made"; and (2) the regulation does not contain a "staleness" or "statute of limitations" component that would prevent the Bureau from considering old convictions. *Id.* at 7.

The district court summarily rejected the petition on the merits. It reasoned that the Bureau may categorically exclude certain inmates from early release and that the Bureau's regulation represents a valid exercise of this authority. Pitts appealed.

II.

Before turning to the merits of the appeal, we must assess whether the district court had jurisdiction to entertain Pitts' petition in the first place—whether in particular this dispute is ripe for consideration. Neither party, it is true, has challenged the district court's authority to hear this case. But, as many a federal court has said, we have "an independent obligation to police our own jurisdiction." *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001).

To decide whether a case has ripened into an action appropriate for judicial resolution, we ask two questions: (1) is the dispute "fit" for a court decision in the sense that it arises in "a concrete factual context" and involves "a dispute that is likely to come to pass"? and (2) what are the risks to the claimant if the federal courts stay their hand? *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008); *see Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

Pitts' petition is not fit for judicial resolution. Although Pitts says that he "has entered the Residential Drug Abuse Treatment Program," R.1 at 8, he does not say whether the Bureau has made a decision about early-release eligibility, and he concedes that he has not pursued any administrative remedies. Without elaboration, Pitts adds that 28 C.F.R. § 550.55 and the program statement "are being relied upon by the BOP to deny him early release, based upon [a] prior 27 year old conviction." *Id.* at 7. Yet, to repeat, he does not claim that the Bureau has said he is ineligible for early release, and Pitts' own pleadings suggest that the Bureau has said nothing of the kind. In his motion to alter or amend the district court's judgment, Pitts admits that "he is not making a challenge against any determination, decision, or order made by the BOP." R.6 at 2. Until the relevant legal staff of the Bureau determines that Pitts is ineligible for early release, we do not know whether Pitts will suffer any injury.

Nor will hardship result if we deny consideration of the petition at this point. In the absence of injury and in view of the possibility that no injury will ever occur, it is difficult to maintain that *any* suffering will result from a determination that this dispute is not ripe. Because the Bureau's offense-review process usually takes no more than 30 working days, *see* Program Statement P5331.02 at 6, Pitts remains in a position to learn promptly whether he is eligible for early release. If he is ineligible, he immediately can reassert his claim without the fog of uncertainty that prevents review today.

This calculus might differ, we realize, if the ineligibility determination were a foregone conclusion. Yet that is not the case. Pitts does not say what "27 year old conviction" bars him from

sentence-reduction eligibility, which distinguishes his case from *Handley v. Chapman*, 587 F.3d 273 (5th Cir. 2009). In that case, Handley was a prisoner who filed a § 2241 habeas petition challenging the Bureau's "policy of categorically denying early release eligibility to inmates convicted as felons in possession of a firearm under 18 U.S.C. § 922(g)." *Id.* at 280. The court held that Handley's claims were ripe—even though the Bureau had not yet said she was ineligible for early release—because she filed a facial challenge against a policy that denied her the possibility of early release. *Id.*; *see also Torres v. Chapman*, 359 F. App'x 459, 461 (5th Cir. 2009). But in *Handley*, there was no question that the prisoner had been convicted of a § 922(g) offense and that the Bureau's regulation barred her early release. Here, the petition does not say whether Pitts has a prior conviction that would make him ineligible for early release. We therefore cannot tell whether this is an "abstract disagreement[] over administrative policies," or an actual "controversy 'ripe' for judicial resolution." *Abbott Labs.*, 387 U.S. at 148. Because Pitts did not allege sufficient facts for us to discern whether he has a conviction that will bar his early release, his claims do not "arise[] in a concrete factual context [or] concern[] a dispute that is likely to come to pass." *Warshak*, 532 F.3d at 525.

III.

For these reasons, we vacate the judgment and remand the case with instructions to dismiss it for want of jurisdiction.