# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2013

Lyle W. Cayce
Clerk

No. 12-60445
Summary Calendar

CARLOS ALBERTO GIRALDO,

Petitioner-Appellant

v.

VANCE LAUGHLIN, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:10-CV-96

Before JOLLY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

　　Carlos A. Giraldo, federal prisoner # 59508-079, filed the instant 28 U.S.C. § 2241 habeas corpus petition to challenge the determination that he should not receive a one-year reduction to his sentence under 18 U.S.C. § 3621(e)(2)(B). The district court concluded that Giraldo had no right to the disputed reduction, denied the petition, and denied Giraldo's request to proceed in forma pauperis (IFP) on appeal. Now, this court is presented with Giraldo's IFP motion, and briefing has been completed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60445

By moving to proceed IFP, Giraldo is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. In an appeal from the denial of habeas relief, this court reviews the district court's factual findings for clear error and issues of law de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

In his filings with this court, Giraldo argues that the district court misapplied our jurisprudence when analyzing his claims, and he insists that he had a right to the disputed credit. We disagree with both contentions. Any differences between the cases cited by the district court and the instant one are immaterial. Prison officials enjoy "broad discretion to deny sentence reductions" even to inmates who have completed a treatment program. *Rublee v. Fleming*, 160 F.3d 213, 216 (5th Cir. 1998). Giraldo has not shown that he had a protected interest in the disputed credit, nor has he shown any other flaw in the district court's decision. *See Richardson v. Joslin*, 501 F.3d 415, 420 (5th Cir. 2007).

This appeal lacks arguable merit. *See Howard*, 707 F.2d at 220. Accordingly, Giraldo's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.