**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID SANCHEZ,

        Appellant,

v.

H.A. LEDEZMA, Warden,

        Appellee.

No. 10-6144
(D.C. No. 5:10-CV-00442-M)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.[**]

David Sanchez challenges a Bureau of Prisons (BOP) regulation that categorically denies prisoners eligibility for early release where they possessed a firearm in connection with the commission of a felony. Because prior decisions of the Supreme Court and this court have held the regulation is not arbitrary and capricious, Sanchez's claim is without merit.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The court's April 21, 2011 Order granted Sanchez's unopposed motion to vacate oral argument and submit the case on the briefs. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

Having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court's decision to dismiss Sanchez's habeas petition.

## I. Background

Sanchez was arrested after law enforcement officers conducted a search of a house he occupied with three others and discovered illegal drugs. The officers also found a shotgun hidden below a trapdoor in the floor. Sanchez pleaded guilty to possession of marijuana with intent to distribute within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (c)(1)(C), and 860. The sentencing court imposed a two-level enhancement for possession of a dangerous weapon under § 2D1.1(b)(1) of the United States Sentencing Guidelines. Accordingly, Sanchez was sentenced to 71 months' imprisonment.[1]

While serving his term, Sanchez sought admission to the prison's Residential Drug Abuse Program (RDAP). By statute, the BOP may grant a sentence reduction upon successful completion of the RDAP. 18 U.S.C. § 3621(e)(2)(B) (1994). But Sanchez was advised by an RDAP administrator that, pursuant to BOP regulation, he would not be eligible for early release even if he did complete the program.

---

[1] At the time Sanchez initiated this action in district court, he was in the custody of a federal prison in El Reno, Oklahoma. He has since been transferred to a prison in Coleman, Florida. But we continue to have jurisdiction over this appeal, as it is "well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

The history of this regulation is summarized in our decision in *Licon v. Ledezma*. No. 10-6166, 2011 WL 1137056, at \*1–3 (10th Cir. Mar. 30, 2011). For the purposes of this case, it is sufficient to note that 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000) categorically excluded from early release inmates convicted of a felony "[t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." The BOP amended the rule in 2009 to include the following explanation:

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. . . . The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).

Sanchez brought this habeas petition in federal district court under 28 U.S.C. § 2241 challenging the regulation. In a lengthy and well-reasoned report, the magistrate judge recommended Sanchez's petition be denied, concluding the BOP eligibility standards were valid. The district court adopted the magistrate judge's recommendation and denied the petition.

-3-

## II. Discussion

Sanchez contends the BOP regulation is arbitrary and capricious under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act (APA).[2] He further claims the BOP violated his right to equal protection because similarly situated prisoners in the Ninth Circuit are not subject to the regulation. We review the district court's denial of habeas corpus relief de novo and review its findings of fact for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

### A. *The Validity of the BOP Regulation*

Sanchez first claims the BOP acted arbitrarily in promulgating the regulation. He asserts the BOP failed to articulate an adequate rationale on the record for excluding from early release offenders who only possessed, but did not use or carry, a firearm in relation to the commission of a crime.

As an initial matter, the government contends Sanchez lacks standing to bring this claim because he has not yet successfully completed the RDAP. But "the injury required for standing need not be actualized. A party facing prospective injury has standing to sue where the threatened injury is real, immediate, and direct." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734

---

[2] After the parties' briefs were submitted, we issued a decision resolving this issue in *Licon*, 2011 WL 1137056, at *3–4. In supplemental briefing, Sanchez concedes that *Licon* forecloses the appeal of the § 706(2)(A) claim, but he preserves the issue for *en banc* review or review by the Supreme Court.

(2008); *see also Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979) (finding a plaintiff may challenge the prospective operation of a statute that presents a realistic threat of direct injury). It is undisputed that Sanchez sought entrance to and is currently participating in the RDAP, but that he is ineligible for early release under the contested regulation. Given these circumstances, we conclude Sanchez faces the requisite injury and has standing to challenge the regulation. *See Handley v. Chapman*, 587 F.3d 273, 280 (5th Cir. 2009) (finding an inmate who had not participated in the RDAP had standing to contest the regulation that made her ineligible for early release upon completion of the program); *Torres v. Chapman*, 359 F. App'x 459, 461 (5th Cir. 2009) (same).

We now turn to the substance of Sanchez's claim. Under the APA, a reviewing court must set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." § 706(2)(A). Under this deferential standard, we consider "whether the disputed decision was based on consideration of the relevant factors and whether there has been a clear error of judgment." *Utah Envtl. Cong. v. Bosworth*, 443 F.3d 732, 739 (10th Cir. 2006). An agency rule is arbitrary and capricious if the agency

> relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007) (quotation omitted).

In conducting this review, we are mindful that "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Colo. Wild, Heartwood v. United States Forest Service*, 435 F.3d 1204, 1213 (10th Cir. 2006) (quotation omitted). We will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Nat'l Ass'n of Home Builders*, 551 U.S. at 658 (quotation omitted). But we cannot accept appellate counsel's post-hoc rationalizations for agency action. *Colo. Wild, Heartwood*, 435 F.3d at 1213.

Because it is not clear from the record whether Sanchez's claim is governed by the 2009 or 2000 regulation, he argues that each is arbitrary and capricious under § 706(2)(A). But regardless of which regulation is relevant, we conclude Sanchez's claim lacks merit.

First, Sanchez contends the 2009 regulation is invalid because the sole rationale the BOP offered on the record, public safety, is inadequate to justify the exclusion of prisoners who only possessed, but did not carry or use, a dangerous weapon in the commission of a non-violent felony. In support, he cites decisions where we have held mere possession of a weapon is not considered a "crime of violence" within the meaning of sentencing statutes. *See, e.g.*, *United States v. Serafin*, 562 F.3d 1105, 1114 (10th Cir. 2009). This claim is foreclosed by *Lopez*

*v. Davis*, 531 U.S. 230 (2001). There, the Supreme Court upheld a nearly identical 1997 version of the regulation based in part on its finding that the BOP's rationale of public safety was substantively reasonable. *Id.* at 244; *see Licon*, 2011 WL 1137056, at *6 (discussing the *Lopez* decision). We note further that this decision did not only address the validity of the regulation as applied to felons who carried or used firearms. The 1997 regulation, as described by *Lopez*, denied early release to prisoners "whose current offense is a felony attended by the carrying, *possession*, or use of a firearm." 531 U.S. at 233 (emphasis added) (quotation omitted). In finding the categorical exclusion of this group was permissible, the Supreme Court stated: "The [BOP] reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. The language of this decision clearly encompasses even simple possession of a firearm in connection with a non-violent felony. We also observe that *Lopez* held "involvement" with firearms in the commission of a felony suggests a "readiness to resort to life-endangering violence," *id.*, not that the act of possession itself is violent.

Sanchez's argument that the 2000 regulation is arbitrary and capricious is similarly unavailing. He asserts this version of the regulation is invalid because the BOP failed to articulate a contemporaneous rationale on the record. We

addressed this claim in a decision following *Lopez*. *See Licon*, 2011 WL 1137056, at *3–4. In that case, the prisoner argued that the public safety rationale, though substantively reasonable, was procedurally inadequate as a post-hoc justification offered by the BOP's appellate counsel in *Lopez*. *Id.* We disagreed, holding that this rationale was fairly discernable in the administrative record for both the 2000 and 2009 regulations. *Id.* at *5–6; *accord Handley*, 587 F.3d at 281–82; *Gardner v. Grandolsky*, 585 F.3d 786, 792 (3d Cir. 2009). Sanchez's claim as to the 2000 regulation is foreclosed by this decision.

Because *Lopez* and *Licon* control the question of whether the BOP regulation is arbitrary and capricious as applied to prisoners such as Sanchez, we deny this claim.

## B. The Equal Protection Claim

Sanchez also contends the regulation violates his right to equal protection. Specifically, he notes that the Ninth Circuit—alone among those circuits so far to consider the matter—found the 2000 regulation invalid on procedural grounds. *See Arrington v. Daniels*, 516 F.3d 1106, 1113–14 (9th Cir. 2008). Thus, prisoners in the Ninth Circuit who sought to enter RDAP before the enactment of the 2009 regulation remain eligible for early release even if they, like Sanchez, were convicted for crimes involving possession of a firearm. Again, it is not clear that Sanchez's claim is governed by the 2000 regulation.

But even if it is, this claim lacks merit. Because Sanchez has not alleged the deprivation of a fundamental right or membership in a suspect class, our review of the BOP's actions is highly deferential; to make his claim, Sanchez must show that the difference in treatment was not reasonably related to legitimate penological interests. *Gwinn v. Awmiller*, 354 F.3d 1211, 1228–29 (10th Cir. 2004). He has not carried this burden. *See Handley*, 587 F.3d at 280–81 (finding *Arrington* does not create a "basis for equal protection relief for prisoners outside the Ninth Circuit"). The Ninth Circuit's assessment of the regulation does not create an equal protection claim in circuits with a differing interpretation. We therefore find Sanchez is not entitled to relief on his second claim.

## III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Sanchez's habeas petition.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge