**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PONCIANO TORRES,

        Appellant,

v.

H.A. LEDEZMA,

        Appellee.

No. 10-6128
(D.C. No. 5:10-CV-00072-R)
(W.D. of Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BRORBY**, and **TYMKOVICH**, Circuit Judges.[**]

      Ponciano Torres challenges a Bureau of Prisons (BOP) regulation that

categorically denies prisoners eligibility for early release where they possessed a

firearm in connection with the commission of a felony. Because prior decisions

of the Supreme Court and this court have held the regulation is not arbitrary and

capricious, Torres's claim is without merit. Having jurisdiction pursuant to 28

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

     [**] The court's April 21, 2011 Order granted Torres's unopposed motion to vacate oral argument and submit the case on the briefs. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

U.S.C. § 1291, we AFFIRM the district court's decision to dismiss Torres's habeas petition.

## I. Background

Torres was arrested when sheriffs' officers conducted a search of the house he occupied with three others and discovered illegal drugs. The officers also found a shotgun hidden below a trapdoor in the floor. Torres pleaded guilty to possession of marijuana with intent to distribute within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (c)(1)(C), and 860. The sentencing court imposed a two-level enhancement for possession of a dangerous weapon under § 2D1.1(b)(1) of the United States Sentencing Guidelines. Accordingly, Torres was sentenced to 78 months' imprisonment, which he is currently serving at a federal facility in El Reno, Oklahoma.

While serving his term, Torres sought admission to the prison's Residential Drug Abuse Program (RDAP). By statute, the BOP may reduce a federal prisoner's sentence by up to one year if the prisoner successfully completes the RDAP. 18 U.S.C. § 3621(e)(2)(B) (1994). But Torres was advised by an RDAP administrator that, pursuant to BOP regulation, he would not be eligible for early release even if he did complete the program.

Torres brought this habeas petition in federal district court under 28 U.S.C. § 2241 challenging the regulation. In a carefully reasoned report, the magistrate judge recommended Torres's petition be denied, concluding the BOP eligibility

standards did not affront statutory or constitutional requirements. The district court adopted the magistrate judge's recommendation and denied the petition.

## II. Discussion

Torres contends the BOP regulation is arbitrary and capricious under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act (APA).[1] He further asserts the government committed fraud in offering him the possibility of a sentence reduction in his plea agreement for which he was ineligible. We review the district court's denial of habeas corpus relief de novo and review its findings of fact for clear error. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

### A. *The Validity of the BOP Regulation*

Torres first claims the BOP acted arbitrarily in promulgating the regulation. He asserts the BOP failed to articulate an adequate rationale on the record for excluding from early release offenders who only possessed, but did not use or carry, a firearm in relation to the commission of a non-violent felony.

Under the APA, a reviewing court must set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." § 706(2)(A). Under this standard, we consider "whether the disputed

---

[1] After the parties' briefs were submitted, we issued a decision resolving this issue in *Licon v. Ledezma*, No. 10-6166, 2011 WL 1137056, at *1–3 (10th Cir. Mar. 30, 2011). In supplemental briefing, Torres concedes that *Licon* forecloses the appeal of the § 706(2)(A) claim, but he preserves the issue for *en banc* review or review by the Supreme Court

decision was based on consideration of the relevant factors and whether there has been a clear error of judgment." *Utah Envtl. Cong. v. Bosworth*, 443 F.3d 732, 739 (10th Cir. 2006). In conducting this review, we note that "an agency's action must be upheld, if at all, on the basis articulated by the agency itself;" we cannot accept appellate counsel's post-hoc rationalizations for agency action. *Colo. Wild, Heartwood v. United States Forest Service*, 435 F.3d 1204, 1213 (10th Cir. 2006) (quotation omitted).

Torres's claim is foreclosed by our decision in a companion case, *Sanchez v. Ledezma*, No. 10-6144, 2011 WL _____ (10th Cir. May 3, 2011). There, we held two cases establish the regulation is not arbitrary and capricious, even as applied to prisoners such as Sanchez. *Id.* In the first, *Lopez v. Davis*, the Supreme Court upheld a nearly identical 1997 version of the regulation in part because the BOP's rationale of public safety was substantively reasonable. 531 U.S. 230 (2001). In a case following *Lopez,* we held this rationale was fairly discernable in the administrative record for both the 2000 and 2009 regulations, and therefore procedurally adequate. *Licon v. Ledezma.* No. 10-6166, 2011 WL 1137056, at *3–4 (10th Cir. Mar. 30, 2011). Torres's § 706(2)(A) claim is controlled by these decisions. We therefore deny his petition for relief.

### B. Fraudulent Inducement

In his second claim on appeal, Torres contends the prosecutor fraudulently induced him to plead guilty by promising early release upon successful

-4-

completion of the RDAP, knowing he was ineligible for this benefit. This claim is an attack on the validity of his plea agreement, and the conviction and sentence based on that agreement.

But a habeas petition under § 2241 is not the appropriate means for Torres to make this claim. "A petition under . . . § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). In contrast, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). Thus, Torres's challenge to his plea agreement should have been brought under § 2255 in the Western District of Texas. *See Licon*, 2011 WL 1137056, at *7.

### III. Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of the habeas petition. We also GRANT Torres's application to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge