

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Adams v. Apker

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Adams v. Apker" (2005). *2005 Decisions.* Paper 635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-291                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2350
_____

ANTONIO B. ADAMS

v.

CRAIG APKER, Warden, LSCI-Allenwood

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00720)
District Judge:  Honorable James F. McClure, Jr.
_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6

June 30, 2005

BEFORE: ROTH, BARRY and SMITH, <u>CIRCUIT JUDGES</u>

(Filed: August 30, 2005 )
_____

OPINION
_____

**PER CURIAM**

Antonio Adams appeals from the District Court's order dismissing his petition for

a writ of habeas corpus.  The Government has filed a motion for summary affirmance.

Because Adams' appeal presents no substantial question, we will grant the Government's motion and summarily affirm.

Adams is a citizen of Jamaica who entered the United States on a visa in 1999. In 2003, the United States District Court for the Western District of Missouri sentenced Adams to sixty months in prison following his guilty plea for controlled substance offenses. Adams is currently serving his sentence at FCI-Allenwood (Low) in White Deer, Pennsylvania. According to Adams, the United States Immigration and Customs Enforcement (ICE) lodged a detainer against him on March 5, 2004, for the purpose of pursuing a deportation investigation. (Pet. at 3.)

In April 2005, Adams filed the current habeas corpus petition under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. In his petition, Adams seeks to challenge his pretrial detention and his conviction because he was not informed of his right to consular access under the Vienna Convention on Consular Relations. He also alleges that the ICE detainer lodged against him is invalid because it is based on an unlawful conviction. He further asserts that the ICE detainer precludes him from participating in various rehabilitative and early-release programs offered by the Bureau of Prisons in violation of his rights under the Equal Protection Clause. Adams requests immediate release from custody, as well as an order enjoining any further detention.

The District Court summarily dismissed Adams' petition on the ground that he cannot proceed under 28 U.S.C. § 2241. The District Court advised Adams that his

2

available remedy, if any, was a motion to vacate his sentence filed in the sentencing court under 28 U.S.C. § 2255.[1] Adams appeals. The Government moves to summarily affirm the District Court's order.

To the extent that Adams seeks to challenge his underlying conviction, we agree with the District Court that Adams must proceed, if at all, under § 2255. A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).

We have previously explained that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the stringent gatekeeping requirements for filing a second or successive § 2255 motion. Id. at 539. Rather, § 2255 is inadequate or ineffective, for example, in the "rare situation" where an

---

[1] The District Court did not mention Adams' challenge to the ICE detainer or his Equal Protection claim.

intervening change in law makes the crime for which the petitioner was convicted "non-criminal." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

Adams' situation is not the rare one rendering § 2255 inadequate or ineffective. His challenge to his conviction implicates no intervening change of law or other event such that the crimes to which he pleaded guilty are "non-criminal." Accordingly, the District Court properly ruled that Adams may not challenge his underlying conviction under § 2241.[2]

To the extent Adams seeks to challenge the ICE detainer lodged against him, we conclude that the District Court lacked jurisdiction to consider such a challenge. In order to invoke habeas corpus jurisdiction under § 2241, Adams must demonstrate that he is "in custody" pursuant to the detainer. See 28 U.S.C. § 2241. According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in ICE custody simply because the ICE has lodged a detainer against him with the prison where he is incarcerated. See Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Department of Justice, 315 F.3d 538, 541 (5th Cir. 2003). Even if Adams were in ICE custody, he challenges the detainer on the sole ground that the conviction on which it is based is unlawful. Adams

---

[2]We express no opinion on the merits of Adams' claim based on the Vienna Convention. We note only that it is unclear whether Adams has any privately enforceable right or cognizable claim at all under the consular notification provisions of the Vienna Convention. See Medellin v. Dretke, 125 S. Ct. 2088, 2090-91 (2005) (dismissing writ of certiorari as improvidently granted).

4

has not established that his conviction is unlawful and cannot do so in the context of §

2241, as described previously.[3]

Finally, we consider Adams' claim that his Equal Protection rights have been

violated due to the ICE detainer lodged against him. Adams asserts that the Bureau of

Prisons does not allow him to participate in various rehabilitative and early-release

programs based solely on the ICE detainer, and that only aliens are subject to an ICE

detainer. Because this claim challenges the execution of Adams' sentence, rather than

validity of it, he properly raised it in a § 2241 petition. See Coady v. Vaughn, 251 F.3d

480, 485 (3d Cir. 1999). Nonetheless, this claim lacks merit. Prisoners who are ineligible

to participate in these programs include non-aliens as well as aliens. See McLean v.

Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (citing 28 C.F.R. 550.58).

For these reasons, we conclude that Adams' appeal presents us with no substantial

question. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we grant the

Government's motion and will summarily affirm the District Court's order.

---

[3]Additionally, to the extent that Adams wishes to challenge his pretrial detention under § 2241, he cannot do so at this time. Once Adams pleaded guilty and was sentenced, his pretrial custody terminated for the purpose of habeas corpus jurisdiction.