# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2012

No. 10-50598

Lyle W. Cayce
Clerk

ISABEL MARTINEZ-PEREZ,

Petitioner - Appellant

v.

UNITED STATES OF AMERICA; BUREAU OF PRISONS; WARDEN, RCDC III; ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondents - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CV-48

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Isabel Martinez-Perez, federal prisoner # 97046-008, proceeding *pro se* and *in forma pauperis*, challenges the denial of his § 2241 petition seeking the benefit of drug-rehabilitation programs and halfway house placement. The district court dismissed the action for lack of subject-matter jurisdiction and for failure to exhaust his administrative remedies. Martinez contends the court erred because: his claim was properly brought under § 2241; he was not

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-50598

required to exhaust his administrative remedies; exclusion from the program violated his due-process rights; and, exclusion violated his equal-protection rights.

Martinez, a native of Mexico, was convicted of illegal reentry subsequent to a conviction for commission of an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  He was sentenced to, *inter alia*, 60 months of imprisonment.  Immigration and Customs Enforcement (ICE) issued a detainer against him under 8 U.S.C. § 1231(a)(5) based on its determination that he is subject to immediate removal from the United States upon his release from Bureau of Prisons' (BOP) custody.  While in prison, Martinez filed a habeas petition under 28 U.S.C. § 2241, asserting that the BOP improperly denied him certain benefits and opportunities made available under 18 U.S.C. §§ 3621 and 3624 on the basis that he is not a U.S. citizen.

This petition is foreclosed by our court's recent decision in *Ricardo Gallegos-Hernandez v. United States*, 2012 WL 2914038 (5th Cir. July 18, 2012).

AFFIRMED.