# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40497
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL JIMENEZ-RAMIREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1093-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joel Jimenez-Ramirez was convicted of being found in the United States without permission, following removal. *See* 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 71 months of imprisonment and two years of supervised release. Jimenez-Ramirez now appeals. He contends that his sentence is unreasonable and violates the Equal Protection Clause. He also contends that he was denied the effective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40497

We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We examine the district court's findings of fact for clear error and its interpretation and application of the Sentencing Guidelines to those facts de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). De novo review applies to constitutional claims, *United States v. Hernandez*, 633 F.3d 370, 373 (5th Cir. 2011), and claims of ineffective assistance of counsel. *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

The district court did not procedurally err by enhancing Jimenez-Ramirez's sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Jimenez-Ramirez's argument that his August 2012 removal was not "subsequent to" his 1999 conviction of bank robbery lacks merit. *See* § 1326(b)(2), § 2L1.2(b)(1)(A)(ii), § 2L1.2, comment. (n. 1(A)(ii)).

Jimenez-Ramirez has not shown that the district court procedurally erred, exceeded its discretion, or imposed an unreasonable sentence when it assigned a term of supervised release to provide added deterrence in his case. *See* 18 U.S.C. § 3601; § 5D1.1(c); § 5D1.1, comment. (n.5); *United States v. Becerril-Pena*, 714 F.3d 347, 349-50 (5th Cir. 2013). Nor has he shown that imposing supervised release on deportable aliens violates equal protection. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012).

Finally, Jimenez-Ramirez was not denied the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record contradicts Jimenez-Ramirez's assertion that his attorney performed deficiently or prejudiced him by failing to effectively raise his pro se sentencing challenges. An attorney's failure to make meritless arguments is not ineffective lawyering. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

AFFIRMED.