# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL SERRATO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-40-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Paul Serrato, federal prisoner # 35535-180, moves for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his motion asking it to recommend that the Bureau of Prisons run his federal sentence concurrently with his state sentence. Serrato contends that a district court is authorized to make such a recommendation, relying on *Setser v. United States*, 132 S. Ct. 1463, 1468-70 (2012).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50254

In *Setser*, the Court held that, when a state sentence is not imposed until after a federal sentencing hearing is held, a district court nevertheless has discretion to order that the federal sentence run consecutively to the anticipated state sentence. *Id.* at 1473. Therefore, *Setser* does not provide Serrato with a basis for relief.

"Section 2241 [of Title 28] is the proper procedural vehicle if a prisoner challenges the execution of his sentence rather than the validity of his conviction and sentence." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (internal quotation marks and citation omitted). As a § 2241 petition must be filed in the district where the prisoner is held, *see* § 2241(a); *Setser*, 132 S. Ct. at 1473, and Serrato is incarcerated in California, the district court lacked jurisdiction to entertain a § 2241 claim seeking a sentence credit. Serrato has provided no authority for his assertion that the district court otherwise erred in denying his motion.

Serrato has not shown that there is a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.