**BLD-038**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2639
_____

LUIS BUILES,
                                        Appellant

v.

WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-00023)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 2, 2017

Before:   AMBRO, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Luis Builes appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his petition filed pursuant to 28 U.S.C. § 2241. We will grant the Appellee's motion for summary action and summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

Builes is a citizen of Colombia who was convicted in the District of Massachusetts of drug offenses and illegal reentry. He is currently confined at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, and asserts that he will be removed to Colombia when his sentence expires. In February 2017, Builes filed a § 2241 petition, alleging that his Equal Protection rights have been violated because his status as an alien prevents him from participating in Bureau of Prisons (BOP) programs that are available to inmates who are United States citizens. For instance, he claimed that he is not eligible for a residential drug program, a camp program, half-way house placement, or a "near home release move that would allow him to spend quality time with his wife and kid … before reentering society." He also asserted that he is unable to work in the UNICOR program.[1]

A Magistrate Judge recommended summarily dismissing the petition, stating that, "[a]s a matter of law, [Builes] cannot show differential treatment based on alienage nor can he show that the BOP's policy of distinguishing between prisoners with immigration

---

[1] Builes also complained that his immigration status prevented him from completing his college degree. But his allegation was not directed to the BOP. Instead, he asserted that "[h]e was denied enrollment by the colleges because [of the] immigration detainer." Therefore, this claim is not cognizable in a § 2241 petition.

detainers and those without immigration detainers is irrationally related to the legitimate interests of preventing those prisoners from fleeing community-based confinement." Over Builes' objections, the District Court adopted the Report and Recommendation, dismissed the § 2241 petition, and denied issuance of a certificate of appealability.[2] Builes appealed. The Appellee has filed a motion for summary action.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Builes' § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Summary affirmance is proper when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

The Fifth Amendment lacks an Equal Protection Clause, but it contains "an equal protection guarantee" through its Due Process Clause and prohibits the United States from wrongfully discriminating between individuals or groups. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001) (en banc). "Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982). To state an equal protection claim, "a plaintiff must at a minimum

---

[2] Because we conclude that Builes' challenges to the execution of his sentence were properly raised in a § 2241 petition, see Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005), a certificate of appealability is not required for this appeal. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

3

allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008); see also Reno v. Flores, 507 U.S. 292, 306 (1993) ("Of course, the INS regulation must still meet the (unexacting) standard of rationally advancing some legitimate governmental purpose….").

The BOP has discretion to place prisoners in a residential substance abuse treatment program and in various types of pre-release custody (*e.g.*, a community correctional facility or home confinement). See 18 U.S.C. §§ 3621(e); 3624(c). Successful participation in a residential substance abuse treatment program may result in a reduction in sentence. § 3621(e)(2)(B). But Immigration and Customs Enforcement (ICE) detainees are not eligible for early release or pre-release custody alternatives. 28 C.F.R. § 550.55(b); BOP Program Statement 7310.04(10)(j). Similarly, ICE detainees generally are not eligible for assignments in the Federal Prison Industries program (known as UNICOR).[3] 28 C.F.R. § 345.35(a).

We agree that Builes has failed to show that these policies result in aliens as a group being treated differently from others based on their membership in a class of alien

---

[3] ICE detainees are not the only category of inmates ineligible for early release, community-based custody, or UNICOR participation. See § 550.55(b) (designating as ineligible for early release, inter alia, pretrial inmates, "[c]ontractual boarders," inmates who have committed certain offenses, and those who have previously received early release); Program Statement 7310.04(10) (deeming ineligible for community-based custody, inter alia, inmates who are assigned a "Sex Offender" Public Safety Factor," inmates who require inpatient medical, psychological, or psychiatric treatment, and inmates who pose a significant threat to the community); § 345.35(a) (providing that

prisoners. "This is true because, on its face, the statute and regulations classify prisoners—not as aliens and non-aliens—but as those who have ICE detainers against them and those who do not." Gallegos-Hernandez v. United States, 688 F.3d 190, 195-96 (5th Cir. 2012). Furthermore, Builes did not identify evidence indicating that the detainer exclusions were motived by discriminatory intent against aliens. See Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 264-265 (1977).

In any event, the District Court also properly concluded that the policies described above survive rational basis review. Because the BOP's policies implicate neither a fundamental right nor a suspect class, rational basis review applies. See Gallegos-Hernandez, 688 F.3d at 196 (holding that ICE detainee's equal protection claim based on exclusion from rehabilitative and early-release programs did not involve a fundamental right); McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) ("[b]ecause 'prisoners with detainers' does not constitute a suspect class, the detainer exclusion is valid so long as it survives the rational basis test, which accords a strong presumption of validity."). Under the rational basis test, a government policy is valid if it is rationally related to a legitimate governmental interest. Lyng v. Int'l Union, UAW, 485 U.S. 360, 370 (1988). Excluding ICE detainees from residential drug rehabilitation programs, community-based confinement, and UNICOR assignments is rationally related to legitimate BOP interests in reducing the flight risk posed by prisoners facing removal and in making rehabilitative programs available only to prisoners who have a lawful right to remain in the United

pretrial detainees are ineligible for UNICOR assignments).

States  See Gallegos-Hernandez, 688 F.3d at 196 (noting support for "the determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs."); McLean, 173 F.3d at 1186 ("[E]xcluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs.").

For the foregoing reasons, there is no substantial question presented by this appeal. We will thus grant the Appellee's motion to summarily affirm the judgment of the District Court.  See 3d Cir. LAR 27.4; I.O.P. 10.6.