# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60018
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

JOHN FELIX GREER,

　　　　　　　　　　　Petitioner-Appellant

v.

WARDEN L. SHULTS,

　　　　　　　　　　　Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-755

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

　　John Felix Greer, federal prisoner # 15966-076, appeals the dismissal of his 28 U.S.C. § 2241 petition. Greer was convicted in the Western District of Tennessee of interfering with commerce by threats or violence, carrying and using a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. The district court sentenced him to 324 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60018

In his petition, Greer argued that he is being unlawfully held in custody by the BOP because his conviction and sentence violated his "rights privileges, and 'positive immunities['] arising under Article III's 'standing' and 'case-or-controversy' requirements" and under a Bureau of Prisons program statement.

This court reviews de novo the district court's dismissal of a § 2241 petition generally and for lack of jurisdiction. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 193 (5th Cir. 2012); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Challenges to the validity of a conviction and sentence generally should be brought in a 28 U.S.C. § 2255 motion. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). The district court lacked jurisdiction to consider such a § 2255 motion as it was not the sentencing court. *See Pack*, 218 F.3d at 415; *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). To proceed under § 2241 in his challenges to the legality of his conviction and sentence, Greer had to meet the requirements of the savings clause in § 2255(e) by showing that his claim was "(i) . . . based on a retroactively applicable Supreme Court decision which establishes that [he] . . . may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in [his] . . . trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Greer cites no Supreme Court case that suggests, much less establishes, that he was convicted of a nonexistent offense. Therefore, the district court did not err in determining that Greer failed to meet the requirements of the savings clause of § 2255(e) and so could not proceed under § 2241 for declaratory or other relief. *See Reyes-Requena*, 243 F.3d at 904. Moreover, Greer's unsuccessful § 2255 motion and his inability to satisfy the successive requirements in § 2255(h) do not entitle him to proceed under § 2241 without meeting the requirements of the savings clause. *See Jeffers v. Chandler*, 253

No. 18-60018

F.3d 827, 830 (5th Cir. 2001). Further, Greer briefs no argument as to the district court's conclusion that, to the extent he sought § 2241 relief, Greer raised claims duplicative of those raised in a prior § 2241 petition, and thus his habeas petition constituted an abuse of the writ. Greer thus has waived any challenge to the reasons for the district court's dismissal with prejudice on this point. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28.

Greer's appeal is frivolous, and it is dismissed. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. In light of Greer's several habeas filings challenging his conviction and sentence on essentially the same vague grounds, Greer is additionally warned that further frivolous filings will subject him to sanctions, including dismissal, monetary sanctions, or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

APPEAL DISMISSED; SANCTION WARNING ISSUED.