# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-11392
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2019

Lyle W. Cayce
Clerk

WENDI S. HAYWARD,

Petitioner-Appellant

v.

JODY UPTON,

Respondent-Appellee

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-584

—————

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Wendi S. Hayward, federal prisoner # 44371-177, appeals the dismissal of her 28 U.S.C. § 2241 habeas petition for failure to exhaust administrative remedies. She argued that the Bureau of Prisons (BOP) erroneously assesses eligibility for participation in the Residential Drug Abuse Program (RDAP) on a categorical basis rather than the individual basis set forth under 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11392

§ 3621(b).  Hayward also has filed a motion for an emergency injunction to secure her immediate placement into RDAP.

Hayward  does not dispute that she failed to exhaust her administrative remedies.  She instead argues that such a step would have been futile because the BOP would clearly reject her claim and asserts any additional delay in her ability to participate in RDAP will cause her irreparable harm.

To obtain relief under § 2241, Hayward must establish that she is in custody in violation of either the Constitution or federal law.  *See* § 2241(c)(3); *Fillingham v. United States*, 867 F.3d 531, 536 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1035 (2018).  We review the dismissal of a claim for failure to exhaust administrative remedies for abuse of discretion.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012).

"[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies."  *Id.*  "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."  *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and citation omitted).  Hayward has not made that showing as an administrative grievance would have afforded the BOP an opportunity to respond to her claim that it should consider the § 3621(b) factors when assessing her eligibility for RDAP and place her in the program immediately, *see id.*, and, thus, the district court did not abuse its discretion in dismissing her § 2241 petition for failure to exhaust, *see Gallegos-Hernandez*, 688 F.3d at 194.

The judgment of the district court is AFFIRMED.  The motion for an emergency injunction is DENIED.