# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2021

Lyle W. Cayce
Clerk

No. 21-30091
Summary Calendar

Blayne Davis, *also known as* Blayne Seth Davis,

*Petitioner—Appellant*,

*versus*

Chris McConnell,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-1657

Before Jones, Elrod, and Higginson, *Circuit Judges*.

Per Curiam:*

Blayne Davis, federal prisoner # 71521-279, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. His petition asserted that the Bureau of Prisons ("BOP") is refusing to award

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

him time credits that he earned under 18 U.S.C. § 3632(d)(4) for participating in certain programming and activities.

Our review of the dismissal is for abuse of discretion. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). Exceptions to the exhaustion requirement "are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* (internal quotation marks and citation omitted). "However, exceptions . . . apply only in extraordinary circumstances, and [the prisoner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62 (internal quotation marks and citation omitted).

Davis concedes that he did not exhaust his administrative remedies, but he argues he was not required to do so because his case presents a pure question of statutory construction, he would be irreparably harmed if exhaustion were required, and the outcome has been predetermined by the BOP. Davis also asserts that the administrative process was unavailable to him, but he has abandoned this argument by failing to brief it on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Even if Davis were correct that exhaustion is not required where a § 2241 petition involves solely an issue of statutory interpretation, he has not demonstrated that such an exception would apply here. He contends that he is being deprived of his time credits because the BOP's position is that such credits are not earned until January 15, 2022, based on its interpretation of 18 U.S.C. § 3621(h). However, the adverse informal response that Davis received from the BOP's Designation and Sentence Computation Center

("DSCC") did not explain why the time credits were not awarded and did not reference § 3621(h). His assertion that his case involves only a question of statutory interpretation is therefore not supported by the record.

Further, although the Supreme Court has recognized that exhaustion may be excused upon a "strong showing" that the administrative remedy process is inadequate and that irreparable harm would result from requiring exhaustion, Davis has not made the required showing. *See Aircraft & Diesel Equip. Corp. v. Hirsch*, 331 U.S. 752, 773-74 (1947). He asserts that the outcome of the administrative review process is predetermined due to the BOP's interpretation of § 3621(h) and that the process is therefore inadequate. But, because the record is silent on why Davis's time credits have not been awarded, he has not shown that the denial has anything to do with § 3621(h). Moreover, he has not demonstrated that the outcome of his administrative appeals would not differ from the response he received from the DSCC. Thus, even if Davis were able to show irreparable harm, he would not be excused from the exhaustion requirement since he has failed to make the further required "strong showing" that the administrative remedy process is inadequate. *See Hirsch*, 331 U.S. at 773-74.

Because Davis has not shown that the district court abused its discretion in dismissing his § 2241 petition for failure to exhaust, the district court's judgment is AFFIRMED.