**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1604
_____

SUSHOVAN HUSSAIN,
aka Hasan Tareque,

Appellant

v.

WARDEN ALLENWOOD FCI;
DIRECTOR FEDERAL BUREAU OF PRISONS;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-01635)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2023
Before: KRAUSE, SCIRICA, and AMBRO, <u>Circuit Judges</u>

(Opinion filed: March 27, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sushovan Hussain, a federal prisoner at FCI-Allenwood, appeals from orders of the District Court denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 and his motion for reconsideration. For the following reasons, we will affirm the District Court's judgment.

Hussain, who is a citizen of the United Kingdom, was sentenced in May 2019 to 60 months' imprisonment for wire fraud, conspiracy to commit wire fraud, and securities fraud. See United States v. Hussain, 972 F.3d 1138 (9th Cir. 2020) (affirming the judgment of conviction). In December 2020, he filed a request for home confinement with prison officials pursuant to the Coronavirus Aid, Relief and Economic Security Act (CARES Act), which expanded the authority of the Bureau of Prisons (BOP) under 18 U.S.C. § 3624(c)(2) to place a prisoner in home confinement in light of COVID-19. See CARES Act § 12003(b)(2), Pub. L. No. 116–136, 134 Stat. 281 (2020). Hussain argued that he was at increased risk of COVID-19 because he suffers from asthma. The warden determined that Hussain was "ineligible" for home confinement placement because he is subject to a detainer filed by Immigration and Customs Enforcement (ICE), and he had served less than 50% of his sentence. See ECF No. 1-5.

In September 2021, Hussain filed a habeas petition challenging the denial of his CARES Act request as unconstitutional and arguing that the Bureau of Prisons' policies discriminated against him on the basis of national origin. The District Court sua sponte dismissed the petition for lack of jurisdiction pursuant to Rule 4 of the Rules Governing § 2254 Cases (made applicable to § 2241 petitions under Rule 1(b)), finding that Hussain had not exhausted his administrative remedies. The District Court determined in the

2

alternative that, even assuming exhaustion, (1) it lacked jurisdiction to release prisoners to home confinement under the CARES Act, and (2) the BOP did not abuse its discretion in denying the home confinement request. See ECF No. 9. Finally, the District Court determined that Hussain's remaining claims were unrelated to the fact or duration of his confinement and, therefore, were inappropriately raised in a § 2241 petition and more properly raised in a Bivens[1] action. Hussain filed a timely motion for reconsideration, which the District Court denied. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Hussain's timely appeal from the denial of his timely motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal order as well as its order denying the motion for reconsideration. See McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). We review de novo the District Court's dismissal of the § 2241 petition. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Hussain challenges the District Court's summary dismissal of the petition pursuant to Habeas Corpus Rule 4, which provides for pre-answer dismissal of a plainly meritless habeas petition. Hussain notes that the government can waive exhaustion, and therefore,

---

[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971); see also  Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001) ("A Bivens action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law.").

3

he argues, dismissal on the basis of failure to exhaust prior to its answer was improper. The Government raises the exhaustion defense on appeal, its first opportunity to do so, arguing that Hussain was required to appeal from the denial of his request for home confinement and dismissing generally his futility arguments. But, like the District Court, the Government does not grapple with Hussain's compelling argument that exhaustion would be futile because he claims that the criteria on which the BOP relied in denying his request are unconstitutional. See Gallegos-Hernandez v. United States, 688 F.3d 190, 194 (5th Cir. 2012) (holding that exhaustion would be futile where prisoner challenged the constitutionality of BOP's regulations denying rehabilitation and halfway house programs to ICE detainees as violative of his equal protection rights); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (recognizing that exhaustion of administrative remedies may be futile where the petitioner "is not challenging the application of the BOP regulations, but their validity").

Turning to the District Court's alternative basis for its dismissal, Hussain argues that the District Court erred in failing to address his "discrimination" claims. We agree. The District Court correctly noted that federal courts are not authorized to direct that an inmate's sentence be served in home confinement. See 18 U.S.C. § 3624(c)(2); see also CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2) (providing that "the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under [§ 3624(c)(2)]"); United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021). It was also arguably correct that it could consider whether

4

the BOP abused its discretion in the exercise of its authority. See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (reviewing for abuse of discretion the BOP's decision to limit a petitioner's pre-release placement under § 3624(c)(6)(C)); Tapia v. United States, 564 U.S. 319, 331 (2011) (noting that "the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' § 3621(b), and the treatment programs (if any) in which he may participate"). The District Court determined that the BOP did not abuse its discretion in denying the request for home confinement on the basis that Hussain had not served more than 50% of his sentence. To the extent that the BOP relied on this factor, we agree with the District Court that the determination was neither arbitrary nor an abuse of discretion.[2]

But "in addition" to that factor, the BOP determined that Hussain was ineligible for home confinement because of his ICE detainer. ECF No. 1-5 at 3. Hussain argued that the BOP's policy allowing reliance on that factor was both contrary to the Attorney General's directive that the BOP consider "all at-risk inmates – not only those who were previously eligible for transfer"[3] and unconstitutional. The District Court erroneously

---

[2] Prior to the CARES Act, the BOP could authorize home confinement for the shorter of 10% of the imprisonment term or six months. See 18 U.S.C. § 3624(c)(2). In the wake of the CARES Act, the BOP prioritized for consideration those inmates who had served 50% or more of their sentence or who had 18 months or less remaining on their sentence and had served 25% or more of their sentence. See Bureau of Prisons Memorandum, April 13, 2021 (BOP Memo), https://www.bop.gov/foia/docs/Home%20Confinement%20memo_2021_04_13.pdf

[3] Mem. from Att'y Gen. to Dir. of Bureau of Prisons, April 3, 2020 ("AG Memo") https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf

concluded that this claim and Hussain's other "discrimination" claims must be raised in a Bivens action. We have recognized that a petitioner's challenge to the BOP's regulations implementing § 3624(c) is a challenge to the manner in which the sentence is being executed and, therefore, is properly brought under § 2241. See Woodall, 432 F.3d at 243-44 (noting that "the criteria for determining [a prisoner's] placement are instrumental in determining how a sentence will be 'executed'"). Hussain claimed that the BOP deemed him ineligible for home confinement and rehabilitative programs based on erroneous or unconstitutional criteria; because these benefits could impact the duration of his time in prison, Hussain's "discrimination" claims are challenges to the execution of his sentence and, therefore, were appropriately raised in a § 2241 petition. See Gallegos-Hernandez, 688 F.3d at 194. And, to the extent that any exhaustion requirement was futile, the District Court erred in failing to address the claims. Nevertheless, because the claims plainly lack merit, the error was harmless.

Hussain claimed that the BOP denied him home confinement and the ability to participate in rehabilitative programs on the basis of his national origin, in violation of his rights under the Equal Protection Clause.[4] See Plyler v. Doe, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long

---

[4] Although Hussain also argues that the BOP's home confinement policy was in contravention of the CARES Act, he does not point to any specific provision of the Act that was arguably violated. Rather, he points only to the Attorney General's Memorandum, which we note provided "guidance" to the BOP in implementing the CARES Act and directed the BOP to review "all at-risk inmates" and determine those which the *BOP* "deem[ed] suitable candidates for home confinement." See AG Memo at 1-2. Pursuant to that Memorandum, the BOP developed a list of factors for determining suitable candidates for home confinement, which included "[c]onfirming the inmate does

6

been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments"). To establish an equal-protection claim, "a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).

Contrary to Hussain's argument, his equal protection claims are not subject to a strict scrutiny analysis. See Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312-13 (1976) (explaining that equal protection analysis requires strict scrutiny "only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class"). First, there is no fundamental right to home confinement or to participate in rehabilitative programs. See Gallegos-Hernandez, 688 F.3d at 196 (noting that ICE detainee's equal protection claim based on exclusion from rehabilitative and early-release programs did not involve a fundamental right). Second, BOP policy excludes from eligibility for home confinement all prisoners with detainers, not just non-citizen prisoners subject to an ICE detainer, see BOP Memo at 2. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) ("[b]ecause 'prisoners with detainers' does not constitute a suspect class, the detainer exclusion is valid so long as it survives the rational basis test, which accords a strong presumption of validity"). And "the statute and regulations [providing for rehabilitation and early release programs] classify prisoners – not as aliens and non-aliens – but as

---

not have a current detainer." See BOP Memo at 2.

7

those who have ICE detainers against them and those who do not." Gallegos-Hernandez, 688 F.3d at 196 (citing 28 C.F.R. § 550.55(b) (listing inmates not eligible for early release)).

Hussain contends that the BOP's policies are discriminatory because non-citizen prisoners are subject to an ICE detainer on the basis of their national origin while prisoners are subject to other types of detainers on the basis of their "demonstrable conduct." ECF No. 1-1 at 26. But regardless of the basis for a detainer, the BOP has a legitimate interest in preventing any prisoner from fleeing his detainer while on home confinement, and because the BOP's policies are rationally related to that interest and to its interest in limiting rehabilitative programs to inmates who have a lawful right to remain in the United States, they are constitutionally valid. See Gallegos-Hernandez, 688 F.3d at 196 (noting support for "the determination that ICE detainees are ineligible to participate in prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs); McLean, 173 F.3d at 1186 ("[E]xcluding prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, is at least rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs."). Because these claims were plainly without merit, they were subject to dismissal, and the District Court properly denied reconsideration.[5]

---

[5] Hussain maintains on appeal that the District Court wrongfully dismissed his claim that BOP policy regarding earned time credits "clearly and unambiguously deviates from the

Based on the foregoing, we will affirm the District Court's judgment.

---

legislative text of the" First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (enacted Dec. 21, 2018). Reply Br. at 12. But Hussain did not clearly present this claim to the District Court. See United States v. Melendez, 55 F.3d 130, 136 (3d Cir. 1995) (holding that when a defendant fails to raise an issue before the district court, the appellate court cannot address it on appeal). In the background section of his § 2241 petition, Hussain made passing reference to his inability to earn time credits under the FSA, see ECF No. 1-1 at 16, and in support of his general argument that BOP practices and policies overall are discriminatory, he provided an example ("for instance") that a non-citizen "will be entitled to no benefit" if they participate in rehabilitative programs, id. at 21-22. Although courts construe pro se habeas petitions liberally, see, e.g., Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010), we will not create claims that a habeas petitioner did not pursue, particularly when, as here, he also failed to specify the claim in his motion for reconsideration.