# United States Court of Appeals
# for the Fifth Circuit

No. 22-11103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2023

Lyle W. Cayce
Clerk

Marcus DeAngelo Jones,

*Petitioner—Appellant*,

*versus*

Warden Freddie Garrido, FMC-Fort Worth,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-180

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Marcus DeAngelo Jones, federal prisoner # 12520-045, appeals the dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies or, alternatively, for lack of merit. He argues that the district court abused its discretion by failing to excuse the exhaustion requirement in his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

case on the ground that exhaustion would be futile.  He also argues that the district court erred by failing to overturn his disciplinary conviction.

A federal prisoner filing a § 2241 petition must first exhaust all available administrative remedies.  *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017).  This court reviews dismissals for failure to exhaust for abuse of discretion.  *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012).

Jones's argument that exhaustion was futile because his halfway house placement date would have passed before he could exhaust his administrative remedies is unavailing.  Jones fails to show he could not have completed the process prior to the original transfer date to a halfway house or explain why he could not have pursued his distinct claim for restoration of good time credits even after the transfer.  Although he asserts he did not receive a response at the regional director step, lack of a response within the allotted time may be considered a denial.  *See* 28 U.S.C. § 524.18.  Consequently, the district court did not abuse its discretion by dismissing Jones's § 2241 petition.  In light of this conclusion, we do not reach Jones's argument regarding the validity of his disciplinary conviction.

AFFIRMED.